IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLEN B. SNIPE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1069 (MN) |
| | ) |
| STAPLES THE OFFICE SUPERSTORE EAST, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Allen B. Snipe, Newark, Delaware – Pro Se Plaintiff.

Lindsay Neinast, LITTLER MENDELSON, P.C., Wilmington, Delaware – Attorneys for Defendant.

January 17, 2023
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Allen B. Snipe (Plaintiff"), who appears *pro se*, filed this employment discrimination case by reason of race on July 21, 2021, pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e17. (D.I. 1). Before this Court is Defendant's motion to dismiss. (D.I. 12). The matter has been briefed.

**I.  BACKGROUND**

Plaintiff was hired by Staples[1] on October 29, 2019, as a store manager in training. (D.I. 1 at 9). Plaintiff is black and alleges discrimination by reason of race through failure to promote, unequal terms and conditions of employment and retaliation. (D.I. 1 at 2-3, 10). His employment was terminated on February 4, 2020. (*Id*. at 9). Plaintiff filed a charge of discrimination on October 23, 2020. (*Id*. at 9). The EEOC notice of suit rights is dated April 30, 2021. (D.I. 1 at 8).

Defendant moves to dismiss pursuant to Rules 4(m), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds of untimely and insufficient service of process and failure to state claims upon which relief can be granted. (D.I. 12, 12-1). Plaintiff's response addresses the service issues, but does not address whether the Complaint states claims upon which relief can be granted. (D.I. 13).

**II.  RULE 12(b)(5)**

Defendant moves for dismissal on the grounds that Plaintiff made no effort to serve it despite signing a statement acknowledging his responsibility to do so. (D.I. 7, D.I. 12-1 at 7). Plaintiff responds that he thought Defendant "was being served at the same time when the case

---

1   The appropriate name of Defendant is Office Superstore East, LLC. (*See* D.I. 12 at 1).

was being filed." (D.I. 13).  Attached to the response is a certificate of mailing to Defendant dated May 12, 2022, the same day the response to the motion to dismiss was filed. (D.I. 13-1).[2]

A defendant may file a motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure when a plaintiff fails to properly serve summons and complaint. Under Rule 12(b)(5), the Court has "broad discretion" in deciding whether to dismiss the complaint for insufficient service. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). The Third Circuit has instructed that "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Id.*

Rule 4(c)(1) of the Federal Rules of Civil Procedure states that a "summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Rule 4(h) of the Federal Rules of Civil Procedure permits service of a corporation (1) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (2) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant. FED. R. CIV. P. 4(h)(1).

A plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." FED. R. CIV. P. 4(c)(1). Rule 4(m) imposes a 90–day time limit for

---

[2] Attached to Plaintiff's response to the motion to dismiss is a United States Postal Service receipt dated May 12, 2022, the date of Plaintiff's response, and a certified mail receipt addressed to defense counsel, Littler Mendelson. (D.I. 13-1). There is no indication of what was in the package. In its reply brief, Defendant informs the Court that on May 16, 2022, its counsel received a letter from Plaintiff enclosing the response to the motion to dismiss and a copy of Plaintiff's complaint. (D.I. 14 at 3).

perfection of service following the filing of a complaint. If service is not completed within that time, the action is subject to dismissal without prejudice. *See* FED. R. CIV. P. 4(m); *see also MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

Although courts should grant *pro se* plaintiffs leniency in considering their filings, *pro se* plaintiffs are nevertheless expected to "follow the rules of procedure and the substantive law[.]" *Thompson v. Target Stores*, 501 F. Supp. 2d 601, 603 (D. Del. 2007). Courts are, however, generally "reluctant to dismiss an action where there is a possibility of proper service because dismissal 'needlessly burdens the parties with additional expense and delay and postpones the adjudication of the controversy on its merits.'" *Copia Commc'ns, LLC, v. AM Resorts, L.P.*, Civ.A.No. 16-5575, 2017 WL 2656184, at *6 (E.D. Pa. June 20, 2017) (citation omitted).

Defendant was not served as of the date it filed its motion to dismiss. Once Plaintiff was apprised of this, he attempted service as evidenced by his response and mailing certificate. Defendant argues this does not suffice to show good cause for failure to serve. To the contrary, this Court finds that Plaintiff has proffered good cause for the failure to properly and timely serve Defendant. As a *pro se* litigant Plaintiff could have assumed service was affected when he filed the Complaint. Notably, when Plaintiff realized his error, he attempted to remedy it. Accordingly, this Court will deny without prejudice Defendant's motion to dismiss for improper service and deny the motion for untimely service. To the extent that Plaintiff has not properly served Defendant, he will be given an extension of time to properly effectuate service.

### III.     RULE 12(b)(6)

Defendant moves to dismiss the Title VII claims for failure to state claims upon which relief can be granted. The Complaint raises employment discrimination claims by reason of race

for failure to promote, unequal terms and conditions of employment and retaliation.[3] Plaintiff did not respond to this portion of the motion to dismiss. A plaintiff who fails to brief his opposition to portions of motions to dismiss does so at the risk of having those parts of the motions to dismiss granted as uncontested. *See Lada v. Delaware County Community College*, Civ.A.No. 08-4754, 2009 WL 3217183, at *10 (E.D. Pa. Sept. 30, 2009).

### A.  Legal Standards

*Pro se* pleadings and filings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers". *Haines v. Kerner*, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982). Under liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997) (overruled on other grounds); *see also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990) (same). There are limits to the court's procedural flexibility – "pro se litigants still must allege sufficient facts in their complaints to support a claim . . . they cannot flout procedural rules – they must abide by the same rules that apply to all other

---

[3]  Defendant did not move to dismiss the unequal terms and conditions of employment claim. "To establish a claim for unequal terms and conditions in employment, or disparate treatment, [Plaintiff] must establish that he (1) is a member of a protected class; (2) was qualified for the position; (3) was negatively affected by Defendant's employment decisions; and (4) was treated less favorably than employees not within his protected class." *Rhode v. Camden Redevelopment Agency*, Civ.A.No. 20-20337-NLH-KMW, 2021 WL 71597, at *3 (D.N.J. Jan. 8, 2021) (quoting *Dickerson v. New Jersey Institute of Tech.*, Civ.A.No. 19-8344 (KM) (JBC), 2020 WL 7054156, at *6 (D.N.J. Dec. 2, 2020)).

litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted). Because Plaintiff proceeds *pro se*, this Court will consider the facts and make inferences where it is appropriate.

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." "[D]etailed pleading is not generally required." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). The rules require "'only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotations omitted). Hence, to survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face" by providing facts which "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In assessing the sufficiency of a complaint, the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. *Odd v. Malone*, 538 F.3d 202, 205 (3d Cir. 2008). The Court need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. *See California Pub. Employees' Retirement Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. *Bell Atlantic Corp.*, 550 U.S. at 555. Thus, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678; *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.

2008) (finding that, under *Twombly*, "labels and conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice. The complaint therefore "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim."). *Id*. at 233, 234.

### B. Failure to Promote

The Court turns first to Plaintiff's failure to promote claim. Defendant argues that Plaintiff fails to state a failure to promote claim because Plaintiff did not allege that he applied for and was qualified for any open position or provide facts such as the type of promotion, who rejected his request for a promotion, and whether he was qualified for the position.

To state a Title VII claim of race discrimination based on failure to promote, a plaintiff must allege: (1) he is a member of a protected class; (2) he applied for and was qualified for a job for which the employer sought applicants; (3) despite his qualifications, he was rejected; and (4) after his rejection, the position remained open and the employer continued to seek applicants from persons of plaintiff's qualifications. *Noel v. The Boeing Co*., 622 F.3d 266, 274 (3d Cir. 2010) (citing *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994)).

Plaintiff alleges that he belongs to a protected category (*i.e*., his race) (D.I. 1 at 10); he asked about his promotion to manager once he finished his module training (*id*. at 9); he was rejected even though he had completed the modules (*id*.), and continued to work as a full time manager in training, and that a manager in training of a different race seeking the same promotion was treated more favorably (*id*.). Liberally construing the failure to promote claim, as this Court must, the Court finds that Plaintiff states a Title VII failure to promote claim. Plaintiff's failure to promote claim survives dismissal. Defendant's motion to dismiss this claim will be denied.

6

### C. Retaliation

Defendant moves to dismiss on the grounds that Plaintiff does not plead the elements of a retaliation claim. "A claim of discriminatory retaliation has three elements: (1) plaintiff engaged in conduct protected by Title VII; (2) the employer took adverse action against him; and (3) a causal link exists between his protected conduct and the employer's adverse action." *Young v. City of Philadelphia Police Dep't*, 651 F. App'x 90, 95 (3d Cir. 2016).

Again, this Court liberally construes Plaintiff's allegations. Plaintiff has met the first prong for retaliation. When he was not promoted to manager, around December 23, 2019 he complained to Human Relations that he was bring treated less favorably than his white counterpart. (D.I. 1 at 10). He has also met the second prong. The next day he was not allowed in the store and, once allowed in the store, discovered that he was not being properly trained and thereafter was written up for menial matters. Finally, Plaintiff has met the third prong. Less than two months after Plaintiff complained in late December, his employment was terminated on February 4, 2020 "as a result of false reprimands." Plaintiff's retaliation claim survives dismissal. Defendant's motion to dismiss will be denied.

### IV. CONCLUSION

For the above reasons, the Court will: (1) deny Defendant's motion to dismiss for ineffective service without prejudice to renew in the event the May 12, 2022 service of Defendant is defective or service is not properly made within the extra time allowed by the Court, and (2) deny Defendant's motion to dismiss under Rule 4(m) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.I. 12). An appropriate order will be entered.